## ANDREW BUDDY AND WIFE *v.* W. W. PHIPPS AND JOHNSON.

**Mortgage Foreclosure—Redemption.**

Where the real estate of the husband is sold on mortgage foreclosure and bought in by the creditor and conveyed by him to the wife of the debtor and paid for by her out of means not secured from the husband, there is no fraud on the creditors of the husband, and such property is not liable for his debts.

### APPEAL FROM McCRACKEN CIRCUIT COURT.

October 23, 1874.

OPINION BY JUDGE PETERS:

The property now sought to be subjected to the payment of the debts of Phipps and the representatives of Johnson was purchased by Levin Lughes, under a judicial sale to pay Darenx and Johnson, to whom the property had been mortgaged and who had judgments of foreclosure. It sold for enough to pay Darenx's debt and perhaps a small part of Johnson's. King, the attorney of Johnson, was present at the sale, representing his client, and if it brought less than it was worth it is the fault or misfortune of Johnson, for his attorney proves he knew Lughes was bidding for Mrs. Buddy, and on that account stopped bidding. After the sale, Mrs. Buddy, as is shown by the evidence, borrowed $800 of Sites, and about $200 of

Mrs. Sanders, and paid Lughes the price he paid for the property; and he conveyed the same to her, having received a conveyance from the master; and in order to secure Sites, Mrs. Buddy mortgaged the property to him, and he in this suit seeks a foreclosure of his mortgage. Mrs. Sanders, as she proves, has been paid her money back by Mrs. Buddy, except $20. The conveyance by Lughes to Mrs. Buddy is not embraced by the statute against fraudulent conveyances. That statute operates on conveyances made by the debtor. In this case Buddy was divested of the title by a judicial proceeding, and was no party to the conveyance.

There is no evidence that A. Buddy furnished any part of the money to his wife to aid her in paying for the land and procuring the title to be made to her; but it appears that on her credit alone the purchase money was raised. Sites and Mrs. Saunders loaned her the money on her credit. By the rules of the common law it is very clear that if A. Buddy, the debtor, had furnished the money to his wife to pay for the property, and procured the title to be made to her with the fraudulent intent to remove it from the reach of prior creditors, that the transaction would be condemned and the property subjected; but that is not the case here. The friends of the wife, and not her husband, furnished her the money to redeem real estate sold in part to pay the debt of one of the creditors now complaining that his attorney saw it sold, and if the purchasers had retained the title, it is not pretended that it could be reached by these creditors; but after he had obtained the legal title he permitted the wife of the debtor to redeem it, which she is enabled to do by the aid of friends, and not with the money of her husband, as is satisfactorily shown; and we are not aware of any rule of law or equity that will deprive her of the estate. The creditors are in no worse condition than if Lughes had retained it, and the profits of the estate may have enabled her to pay the borrowed money. It is proper to state that Phipps has failed to produce the evidence of his debts against A. Buddy, although such indebtedness is controverted and put in issue by the answer of Mrs. Buddy.

Wherefore the judgment in favor of Phipps, and in favor of Preswood and wife, and Rollins and wife, are *reversed,* and the cause is remanded with directions to dismiss the cross-petition of the last named parties against Mrs. P. Buddy at the costs of cross-petitioners, and for further proceedings consistent herewith.

*E. L. Bullock, for appellants.*
*G. H. Morrow, for appellees.*